UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VINCENT MASINO, KEITH LOSCALZO,
FRANCISCO FERNANDEZ, ANTHONY FASULO,
PHILIP FAICCO, and JAMES KILKENNY,            **MEMORANDUM & ORDER**
as Trustees and Fiduciaries of the PAVERS AND
ROAD BUILDERS DISTRICT COUNCIL WELFARE,     11-cv-4596 (ERK) (ST)
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND TRAINING FUNDS,

                 Plaintiffs,
    -against-


PERSICO CONTRACTING & TRUCKING, INC.,
PERSICO REALTY CORP., PCI CONTRACTING
a/k/a PCT CONTRACTING LLC, AND PCI
INDUSTRIES CORP.,

                 Defendants.
------------------------------------------------------------------x
**KORMAN, *J.*:**[*]

       Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Anthony Fasulo, Philip Faicco, and James Kilkenny ("Plaintiffs") "are employer and employee trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (collectively, the "Funds")." (Compl. ¶ 4, ECF No. 1.) The Funds are employee benefit plans under the laws of the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.*) Plaintiffs are suing Defendants Persico Contracting & Trucking ("Persico Contracting"), Persico Realty Corporation ("Persico Realty"), PCI Contracting a/k/a/ PCT Contracting LLC ("PCI Contracting"), and PCI Industries Corporation ("PCI Industries," collectively "Defendants") to enforce a settlement agreement stemming from prior litigations in this jurisdiction under the ERISA laws. Currently before the Court is Defendants' motion to

---

[*]    This case was recently reassigned to me following the death of Judge Townes. Her Chambers had prepared a first draft of this decision, which I acknowledge with thanks.

dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 63.) For the reasons set forth below, the Court grants Defendants' motion and dismisses this case for lack of subject-matter jurisdiction.

## THE 2008 AND 2010 LITIGATIONS

On April 9, 2008, Plaintiffs sued Defendant Persico Contracting under ERISA, 29 U.S.C. § 1145, to recoup allegedly delinquent contributions owed to the Funds under a collective bargaining agreement ("CBA") (the "2008 Litigation"). (Compl.¶ 14; *see also Masino v. Persico Contracting & Trucking, Inc.*, 08-cv-3561 (E.D.N.Y.)) The 2008 Litigation was assigned to United States Magistrate Judge Joan M. Azrack. On April 13, 2010, Plaintiffs sued Persico Contracting again, as well as the "controlling shareholder Richard Persico, and surety First National Insurance Company of America[]" under § 1145 of ERISA to recoup allegedly delinquent contributions under the CBA (the "2010 Litigation"). (Compl. ¶ 15; *see also Masino v. Persico Contracting & Trucking, Inc.*, 10-cv-1648 (E.D.N.Y.)) The 2010 Litigation was assigned to United States District Judge Jack B. Weinstein and United States Magistrate Judge Cheryl L. Pollak.

On October 13, 2010, Plaintiffs and "Persico" entered into a settlement agreement ("Settlement Agreement") whereby: "(1) Persico acknowledged that it owed $350,000 to the Funds; (2) the Funds agreed to accept that amount in full satisfaction of all claims against Persico and its owner; and (3) Persico agreed to withdraw all claims against the Funds." (Compl. ¶ 18.) On February 22, 2011, Plaintiffs sent a letter to the Court in the 2010 Litigation stating that they and Persico Contracting had "entered into a written settlement providing in pertinent part that plaintiffs' claims against … Persico Contracting … and Richard Persico will be dismissed with prejudice." (10-cv-1648 (E.D.N.Y.), ECF No. 23.) Plaintiffs explained that they had not yet

filed a stipulation of dismissal because the defendants' counsel had failed to sign the stipulation without providing any reason for failing to do so. (*Id.*) Consequently, Plaintiffs attached a copy of the Settlement Agreement signed by their counsel and Richard Persico as "the president of the corporate defendant …." (*Id.*) The Settlement Agreement is a handwritten document titled "Agreement" that consists of five paragraphs. (*Id.*) Plaintiffs further stated in their February 22nd letter to the Court that since the Settlement Agreement is executed and "expressly provides for the dismissal of this action," it should suffice "to effectuate the dismissal." (*Id.*)

On March 2, 2011, Judge Weinstein docketed the following entry in the 2010 Litigation: "ORDER DISMISSING CASE. Ordered by Senior Judge Jack B. Weinstein, on 3/1/2011." (ECF No. 24.) The docket entry attached another copy of Plaintiff's February 22, 2011 letter to the Court with the handwritten note "close the case JW 3/1/11[.]" (*Id.*) Judge Weinstein's Order made no mention of incorporating the terms of the Settlement Agreement into this Order or retaining jurisdiction over the 2010 Litigation for any reason.

On March 2, 2011, in the 2008 Litigation, Plaintiffs submitted a similar letter to the Court attaching the Settlement Agreement. (08-cv-3561 (E.D.N.Y.), ECF No. 44.) On March 7, 2011, Plaintiffs filed a Stipulation and Order of Dismissal in the 2008 Litigation. (Stip. and Order of Dismissal, 08-cv-3561 (E.D.N.Y.), ECF No. 45.) Paragraph Two of the Stipulation states that "[t]his Court retains jurisdiction to enforce the settlement agreement between the parties." (*Id.*) Although the Stipulation has a space for Judge Azrack's signature, the Stipulation was neither signed nor "So Ordered." (*Id.* at 2.) On April 25, 2012, Judge Azrack dismissed the 2008 Litigation in a docket entry that stated: "ORDER DISMISSING CASE: The Court, having confirmed with plaintiffs' counsel that this matter has settled pursuant to stipulation [docket entry] 45, and that there are no outstanding issues to be addressed, hereby dismisses this action."

Judge Azrack made no mention of retaining jurisdiction over the 2008 Litigation for any reason. Nor did the Judge incorporate the terms of the Settlement Agreement into her dismissal Order.

## THE INSTANT LITIGATION

On September 21, 2011, Plaintiffs filed the instant lawsuit against Defendant Persico Contracting and three entities that were not sued in the 2008 or 2010 Litigations, Persico Realty, PCI Contracting, and PCI Industries. (Compl., ECF No. 1.) Plaintiffs allege that they bring this suit under 29 U.S.C. §§ 1132(a)(3) and 1145 of the ERISA laws "to collect delinquent employer contributions to a group of employee benefit plans, and for related relief." (*Id.* at ¶ 1.) Plaintiffs then allege that each Defendant is an "employer" under ERISA and maintains its principal place of business in New York. (*Id.* at ¶¶ 4–8.) They also allege that Persico Contracting was a party to the CBA and was thereby obligated to make contributions to the Funds. Plaintiffs further allege that they sued Persico Contracting in 2008 and 2010 "for, among other things, delinquent fund contributions[,]" and discuss the resulting Settlement Agreement. (*Id.* at ¶¶ 13–19.) Next, Plaintiffs allege that Persico Contracting breached the Settlement Agreement by failing to pay Plaintiffs the $350,000 owed under the Settlement Agreement. (*Id.* at ¶ 20.) They also allege facts to support their claim that "PCI exists for the purpose of servicing Persico Contracting." (*Id.* at ¶¶ 23–30.)

In their First Claim for Relief, Plaintiffs allege facts to support their claim that "Persico Contracting and Persico Realty are alter egos and/or constitute a single employer, and each is liable for the other's obligations." (Compl. ¶¶ 31–41.) In their Second Claim for Relief, Plaintiffs allege facts to support their claim that "Persico Contracting, PCI, and PCI Industries are alter egos and/or constitute a single employer, and each is liable for the other's obligations." (*Id.* at ¶¶ 42–53.) In their Third Claim for Relief, Plaintiffs allege that Persico Contracting

4

breached the Settlement Agreement by failing to pay Plaintiffs $350,000. (Compl. ¶¶ 56–58.) In the relief section, Plaintiffs allege that they seek to hold Persico Contracting liable for $350,000, "plus all additional amounts that become due during the course of this litigation[,]" and to hold Persico Realty, PCI Contracting, and PCI Industries "as alter egos of and a single employer with Persico Contracting … liable for each other's obligations, including the $350,000.00 owed under the settlement agreement, plus all additional amounts that become due during the course of this litigation …." (*Id.* at 9, ¶¶ (1), (2).) Neither the Claims for Relief nor the relief section make any mention about seeking delinquent contributions under the CBA or holding Persico Realty, PCI Contracting, or PCI Industries liable under the CBA or ERISA.

On January 9, 2015, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because: Plaintiffs' claims do not raise a federal question; the Court did not specifically retain jurisdiction over the 2008 or 2010 Litigation to enforce the Settlement Agreement; and the terms of the Settlement Agreement were not incorporated into either of the Orders dismissing the 2008 and 2010 Litigations. (ECF Nos. 63, 65.) In opposing Defendants' motion, Plaintiffs do not argue that their claim to enforce the Settlement Agreement against Persico Contracting provides the Court with subject-matter jurisdiction. Rather, they argue that the Court has subject-matter jurisdiction because Plaintiffs have alleged "an ERISA common law claim of alter ego" and that "[b]ecause Defendants are *de facto* the same entity, the claim alleges that the new entities are directly liable to the Funds under ERISA." (Memo. of Law in Opp. to Defendants' Mot. to Dismiss 3, 5–6, ECF No. 64.) Neither argument was made in the Complaint.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction …. [that] possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree …." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[A] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 441 (E.D.N.Y. 2015) (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)) (internal quotation marks omitted).

"In considering a motion to dismiss for lack of subject matter jurisdiction, we accept as true all material factual allegations in the complaint." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citation omitted). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* (citation omitted). In determining subject-matter jurisdiction, the Court can properly consider evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings."); *Mikhaylov v. United States*, 29 F. Supp. 3d 260, 263 n.8 (E.D.N.Y. 2014).

**I. PLAINTIFFS' CLAIMS DO NOT ARISE UNDER FEDERAL LAW**

Pursuant to § 1331, a district court has original subject matter jurisdiction "over all civil actions arising under the Constitution and the laws and treaties of the United States." 28 U.S.C. § 1331. An action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 568 (2d Cir. 1995) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)) (internal

quotation marks omitted). "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted).

"[A] plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists.… Subject matter jurisdiction will lie only where the court determines that the substance of the plaintiff's allegations raises a federal question." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) (internal quotation marks and citations omitted); *see also Greenblatt*, 68 F.3d at 570 ("[E]xamining only those allegations which are properly raised in a well-pleaded complaint, we look to the nature of the federal question raised in the claim to see if it is sufficiently substantial to warrant federal jurisdiction.") (internal quotation marks and citations omitted); *Becker v. Beame*, 454 F. Supp. 867, 870 (S.D.N.Y. 1978) (Mere "reference to a federal statute in the complaint is not sufficient to invoke this court's federal question jurisdiction …") (citation omitted). "The existence of a federal question must be determined solely by reference to the plaintiff's own claim—not by reference to statements raised in anticipation or avoidance of possible defenses that may be interposed." *Empire Healthchoice Assurance, Inc.*, 396 F.3d at 140 (internal quotation marks and citations omitted).

    A.    **Plaintiffs' Claim Seeking to Enforce the Settlement Agreement**

In Plaintiffs' Third Claim for Relief, they allege that by failing to pay them the amount agreed to under the Settlement Agreement, "Persico Contracting is in breach of the settlement agreement and owes the Plaintiff $350,000." (Compl. ¶ 58.) Plaintiff has alleged a simple contract claim. Contract disputes are generally determined under state law, not federal law. *See Empire Healthchoice Assurance, Inc.*, 396 F.3d at 138–39 (state law applicable to determine

"contract action" for reimbursement of insurance benefits); *Becker*, 454 F. Supp. at 870 (state law applicable to enforce contract to provide services to children and families eligible for Social Security benefits); *Rosenberg v. Inner City Broadcasting Corp.*, 99 Civ. 9579, 2001 U.S. Dist. LEXIS 13192, at *7 (S.D.N.Y. Aug. 30, 2001) (applying New York law to enforce settlement agreement); *Arthur v. U.S. Merchandise Inc.,* NO 05-CV-0958, 2007 U.S. Dist. LEXIS 63885, at *9 (E.D.N.Y. Aug. 29, 2007) (applying New York law to enforce settlement agreement). Accordingly, Plaintiff's Third Claim for Relief does not arise under federal law. *See Empire Healthchoice Assurance, Inc.*, 396 F.3d at 138 (affirming dismissal for lack of subject matter jurisdiction where plaintiff's only sought reimbursement of health benefits pursuant to healthcare plan established under Federal Employees Health Benefits Act); *Becker*, 454 F. Supp. at 868–70 (dismissing for lack of subject matter jurisdiction a breach of contract suit to provide services under the Social Security Act).

In *Greenblatt*, the Second Circuit held that seeking to enforce a surety bond pursuant to a collective bargaining agreement was not a claim under ERISA, despite the "express[]" allegations that the claim was raised under ERISA. 68 F.3d at 568. Rather, the court held, the "only claim against New York Surety was an action on the bond, which, although not denominated specifically in the complaint as such, is purely a state law claim." *Id.* Consequently, the court reversed the lower court's denial of New York Surety's motion to dismiss for lack of subject-matter jurisdiction. *Id.* at 566.

Similarly here, although Plaintiffs allege that this is a cause of action under ERISA (Compl. ¶ 1), they "cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists." *Empire Healthchoice Assurance, Inc.*, 396 F.3d at 140. This

"entire cause of action may be heard and disposed of with but scant reference to [ERISA.]" *Becker*, 454 F. Supp. at 869.

### B. Plaintiffs' Claims Seeking to Hold Defendants Persico Realty, PCI Contracting, and PCI Industries Liable Under the Settlement Agreement

Plaintiffs' First and Second Claims for Relief seeking to hold Defendants "liable for the other's obligations" under the "alter ego" and/or "single employer" theories also do not arise under federal law. (Compl., First and Second Claims for Relief, ¶¶ 31–53.) Alter ego and single employer claims permit holding one entity liable for another entity's liabilities.[1] These claims are theories of recovery, not independent causes of action. *E.g.*, *2406-12 Amsterdam Associates LLC v. Alianza LLC*, 136 A.D.3d 512, 513 (N.Y. Sup. Ct., App. Div., First Dep't. 2016) ("alter ego is a theory of recovery, not an independent cause of action"); *Strauss v. New York Dep't of Ed.*, 26 A.D.3d 67, 70 (N.Y. Sup. Ct., App. Div., Third Dep't. 2015) (referring to single employer claim as "theory of recovery"); *Brower v. Fundamental Brokers, Inc.*, 92 Civ. 1655, 1993 U.S. Dist. LEXIS 9068, at *5 (S.D.N.Y. Jul. 1, 1993) (referring to single employer claim as "theory of recovery"). Accordingly, such claims cannot give rise to a federal question. Plaintiffs "could invoke the jurisdiction of the federal courts only by independently alleging a violation of" a federal law. *Peacock v. Thomas*, 516 U.S. 349, 354 (1996); *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001) ("Thus, in this Circuit, … a distinction for jurisdictional purposes exists between an action to collect a judgment … and an action to establish liability on the part of a third party …. The latter must have its own source of federal jurisdiction, so that

---

[1] "[T]he test of alter ego status is flexible …." *Ferrara v. Smithtown Trucking Co., Inc.*, 29 F. Supp .3d 274, 284 (E.D.N.Y. 2014). Courts look at factors including whether the two entities "have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership[,]" and "the absence of the formalities which are part and parcel of normal corporate existence …." *Id.* Liability under the "single employer" theory requires showing that "two nominally separate entities are actually part of a single integrated enterprise …." *Arculeo v On-Site Sales & Marketing, LLC*, 425 F3d 193, 198 (2d Cir 2005) (citations omitted).

9

absent an independent basis for federal jurisdiction a new defendant may not be haled into federal court.").

The Supreme Court's ruling in *Peacock v. Thomas* is instructive. There, the Court held that a district court did not have subject matter jurisdiction over a veil-piercing claim, the only claim in the case, because the claim did not arise under ERISA. 516 U.S. 349, 353–54 (1996). The Supreme Court held that there is no ERISA provision "that provides for imposing liability for an extant ERISA judgment against a third party." *Id.* at 353. The Court further held that "[p]iercing the corporate veil is not itself an independent ERISA cause of action, but rather a means of imposing liability on an underlying cause of action." *Id.* at 354. Consequently, the Court held, "[e]ven if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision of term of the plan." *Id.*

Similarly here, neither of the ERISA provisions cited to in the Complaint—§§ 1132(a)(3) or 1145 (Compl. ¶ 1)—provide for holding a party liable under the alter ego or single employer theory under a settlement agreement that resolves ERISA claims.[2] 29 U.S.C. §§ 1132(a)(3), 1145. Even if such a provision existed under ERISA, Plaintiffs still need to allege an ERISA violation for the Court to have subject-matter jurisdiction over the claims. Plaintiffs have failed to do so. Moreover, the instant lawsuit is even further removed from giving rise to a federal question because unlike the plaintiff in *Peacock*, Plaintiffs are not seeking to enforce a federal

---

[2] Section 1132(a)(3) of ERISA, which authorizes equitable or other appropriate relief for ERISA violations, is inapplicable here. 29 U.S.C. § 1132(a)(3). Similarly, § 1145 is also inapplicable, as it just provides that an employer that is contractually obligated to contribute to a "multiemployer plan" should do so "in accordance with the terms and conditions of such plan" or contract. 29 U.S.C. § 1145.

court-ordered judgment but rather are seeking to enforce a contract, which is a routine state law claim.

Plaintiffs allege that this is an action "to collect delinquent employer contributions to a group of employee benefit plans" under ERISA §§ 1132(a)(3) and 1145. (Compl. ¶ 1.) Collecting delinquent employer contributions pursuant to the CBA, which is a proper claim under ERISA, is not at issue in the instant litigation. It was at issue in the 2008 and 2010 Litigations. (Compl. ¶¶ 9–14.) That the Settlement Agreement resolved the ERISA claims in the prior litigations does not mean that any claim concerning the Settlement Agreement arises under ERISA. Plaintiffs have also failed to demonstrate that interpreting the Settlement Agreement would entail any interpretation or analysis under ERISA. Rather, a court need simply rely on state contract law.

In opposing Defendants' motion to dismiss, Plaintiffs argue that the instant litigation encompasses two claims against Persico Realty, PCI Industries, and PCI Contracting under the alter ego or single employer theories–liability under the Settlement Agreement and the CBA. (Memo. of Law in Opp. to Defendants' Mot. to Dismiss 1.) But the claim that these entities should be held liable for Persico Contracting's obligations under the CBA is not properly before the Court because such a claim was not alleged in the Complaint. Plaintiffs also did not allege that PCI Contracting is a signatory to the CBA.

Plaintiffs did begin the Complaint by alleging that this is an action "to collect delinquent employer contributions to a group of employee benefit plans" under §§ 1132(a)(3) and 1145. (Compl. ¶ 1.) But looking beyond the allegations and at the substance of their claims, all Plaintiffs seek here is to be paid the $350,000 owed to them under the Settlement Agreement and hold non-signatory Defendants liable as well under the alter ego or single employer theories. In

11

substance, liability under ERISA is not at issue here. Plaintiffs "cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists." *Empire Healthchoice Assurance, Inc.*, 396 F.3d at 140. This "entire cause of action may be heard and disposed of with but scant reference to [ERISA.]" *Becker*, 454 F. Supp. at 869.

Plaintiff's principal reliance on *Ferrara v. Smithtown Trucking Company, Incorporated*, 29 F. Supp. 3d 274 (E.D.N.Y. 2014) for the argument that subject matter jurisdiction exists because there is "an ERISA common law claim of alter ego" is also misplaced. (Memo. of Law in Opp. to Defendants' Mot. to Dismiss 3, 5–6.) There, the court granted the plaintiffs' motion to amend the Complaint to join new parties alleging ERISA liability under the alter ego and single employer theories. *Id.* at 277. The court first held that it had "federal subject matter jurisdiction over this lawsuit because a cause of action indisputably exists under ERISA against Trucking[,]" where the defendant was sued for unpaid contributions to a pension fund. *Id.* at 281. The court further held that joining the new parties "would not and cannot destroy that jurisdiction." *Id.* The court distinguished the Supreme Court's ruling in *Peacock v. Thomas*, explaining that "[u]nlike the plaintiffs in *Peacock* …, the Trustees are not seeking to enforce an extant judgment against [the new parties]; this is a lawsuit seeking to impose liability in the first instance." *Id.* The court applied federal common law to determine the futility of the proposed amendment alleging alter ego and single employer liability under ERISA. *Id.* at 282–85. But here, since Plaintiffs are not seeking to hold Defendants "liabl[e] in the first instance" under ERISA, a court does not have to apply ERISA federal common law to determine liability under the Settlement Agreement. The other cases that Plaintiffs cite are inapplicable for the same or similar reasons. (Memo. of Law in Opp. to Defendants' Mot. to Dismiss 3–4, 6–11.)

12

Even if an element of Plaintiffs' alter ego and single employer claims to hold Persico Realty, PCI Contracting, and PCI Industries liable under the Settlement Agreement requires interpreting the CBA, their claims do not necessarily arise under ERISA. In *Greenblatt*, the Second Circuit explained that "[w]hile the [collective bargaining] agreement is a federal contract and is therefore governed and enforceable by federal law, in the federal courts, … the agreement itself is not federal law. Thus, the fact that an element of the [contract] cause of action requires construction of the agreement does not present a federal question." 68 F.3d at 570. The *Greenblatt* court further reasoned that "[t]he most that can be said of an action on a surety bond guaranteeing a signatory's obligations under a collective bargaining agreement is that in some circumstances a federal question might arise. We believe that to be too thin a reed to support federal jurisdiction. Indeed, in this case, the district court encountered no substantial federal question in resolving the Board's claim on the merits." *Id.* at 570–71. New York State law was applied to adjudicate the surety bond claim. *Id.* at 568.

Similarly here, the fact that PCI Contracting is a signatory to the CBA may be relevant to determining whether the alter ego or single employer theory is applicable to Defendants. But that does not mean that the Settlement Agreement claims arise under ERISA. Plaintiffs have failed to demonstrate otherwise.

Since the Court has determined that it has no subject-matter jurisdiction over the instant case, it will now determine whether it can exercise ancillary jurisdiction.

## II.  THERE IS NO BASIS FOR ANCILLARY JURISDICTION

"[T]he doctrine of ancillary jurisdiction … recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A district

court "may exercise ancillary jurisdiction (1) to permit disposition by a single court or claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock*, 516 U.S. at 354 (internal quotation marks and citation omitted); *Vill. of W. Hampton Dunes*, 89 F. Supp. 3d at 443 (citing *Epperson*, 242 F.3d at 104–05).

"The first category of claims … applies to … pendant state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Vill. of W. Hampton Dunes*, 89 F. Supp. 3d at 443 (internal quotation marks and citations omitted); *see also* 28 U.S.C. § 1367(a). Since the Court has no "original jurisdiction" over the instant lawsuit, this ground for exercising ancillary jurisdiction is inapplicable here.

The second category of claims is "reserved [for] use … in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Epperson*, 242 F.3d at 105 (quoting *Peacock*, 516 U.S. at 356). The Settlement Agreement allegedly resolved the two 2008 and 2010 Litigations. (Compl. ¶ 18.) Plaintiffs did not move to reopen either case so that the instant claims would be adjudicated by either Judge Weinstein or Judge Azrack. Plaintiffs filed a new proceeding which is now in front of a judge who did not adjudicate the prior lawsuits. Therefore, adjudicating the instant proceeding will not effectuate any prior judgment by this judge and there is, thus, no reason to exercise ancillary jurisdiction.

The instant case is similar to *Village of West Hampton Dunes*, 89 F. Supp. 3d 433 (E.D.N.Y. 2015). There, the Court declined to exercise ancillary jurisdiction because although the district court judge had entered an order retaining jurisdiction to enforce the settlement agreement, the plaintiff had brought the subsequent proceeding in front of a different judge than the judge who had retained jurisdiction. *Id.* at 445. "Therefore, the purpose behind enforcement

14

jurisdiction—namely, to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees—does not support exercising jurisdiction here." *Id.* (internal quotation marks omitted).

Even if the same judge were presented with adjudicating the claims in this case, the judge would have no authority to exercise ancillary jurisdiction here. "[A] district court [does] not have jurisdiction to enforce a settlement, after a case had been dismissed, where the court had not manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal." *Scelsa v. City Univ. of New York*, 76 F.3d 37, 41 (2d Cir. 1996) (affirming lower court dismissal for lack of subject matter jurisdiction where court had not expressly retained jurisdiction to enforce the settlement agreement); *State Street House, Inc. v. New York State Urban Dev. Corp.*, 75 Fed. App'x 807, 810 (2d Cir. 2003). As the Second Circuit has explained, "the Supreme Court [has] held that enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Scelsa*, 76 F.3d at 40 (quoting *Kokkonen*, 511 U.S. at 378) (internal quotation marks omitted). "In the absence of such an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." *Id.* (citing *Kokkonen*, 511 U.S. at 381). A district court's retention of jurisdiction must be express; "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381. Otherwise, "enforcement of a settlement agreement is for the state courts." *Scelsa*, 76 F.3d at 40 (citing *Kokkonen*, 511 U.S. at 381).

Here, neither the dismissal order in the 2008 nor the 2010 Litigation made any mention of retaining jurisdiction for any reason; nor was there any mention of incorporating the Settlement

Agreement or any term therein into the dismissal order. (08-cv-3561 (E.D.N.Y.); 10-cv-1648 (E.D.N.Y.), ECF No. 24.) The Stipulation of Dismissal in the 2008 Litigation provided for Judge Azrack to So Order it; but she did not do so. (Stip. and Order of Dismissal 2, 08-cv-3561 (E.D.N.Y.), ECF No. 45.) Accordingly, the terms of the Stipulation, including the provision that "[t]his Court retains jurisdiction to enforce the settlement agreement between the parties[,]" (Stip. and Order of Dismissal ¶ 2, 08-cv-3561 (E.D.N.Y.), ECF No. 45), were not incorporated into the dismissal order. And the presence of that provision does not create jurisdiction because subject matter jurisdiction cannot be created by agreement, consent, or any other act of a party. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The Court has to expressly retain jurisdiction. The Court did not do so here.

"The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of [two] earlier federal suit[s]. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit[s], and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." *Kokkonen*, 511 U.S. at 397–98. There is no basis for the Court to exercise ancillary jurisdiction over Plaintiffs' claims.

## **CONCLUSION**

The Court grants Defendants' motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 63.) The case is dismissed. The Clerk of Court is directed to close this case.

Brooklyn, New York
February 28, 2018

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge